The order below is hereby signed.

Signed: October 3 2012

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
JOSEPH G. SLOVINEC,                )    Case No. 12-00655
                                   )    (Chapter 7)
            Debtor.                )
                                   )    Not for publication in
                                   )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING REQUEST
FOR TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

The debtor requests a temporary waiver of the prepetition credit counseling requirement due to exigent circumstances. He explains: "I have exigency . . . of not enough funds for a repayment plan so I ask for an exemption of the required credit counseling before bankruptcy and will try to get free credit counseling before a discharge." For the reasons that follow, the request will be denied.

Section 109(h) requires all individuals filing for bankruptcy to obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency

during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

The court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before the debtor filed the petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds the certification satisfactory.  11 U.S.C. § 109(h)(3)(A).  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen-day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor has not described any exigent circumstances and this alone is sufficient to deny a waiver of the prepetition credit counseling requirement.  The inability to pay does not qualify as an exigent circumstance, because credit counseling agencies are required to "provide services without regard to ability to pay the fee."  11 U.S.C. § 111(c)(2)(B).

Additionally, the debtor does not explain his requests for credit counseling services or why he was unable to obtain the necessary services within seven days of the request.  Moreover, he fails to clarify why he had to file his petition prior to

2

obtaining the required credit counseling.

It is thus

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED. It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.